# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

Marty Green,

Plaintiff,

v.

CIVIL ACTION FILE
NO. 4:06-CV-0188-HLM

RBS National Bank,

Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration [87] and Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment [86].[1]

---

[1]The Local Rules do not provide for supplemental responses to summary judgment motions. Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment consequently is improper. In any event, the Court observes that the Supplemental Response, for the most part, contains arguments that Plaintiff also presents in his Motion for Reconsideration.

Plaintiff has filed a Motion for Reconsideration that apparently challenges the Court's January 23, 2008, Order granting Defendant's Motion for Summary Judgment and the Court's January 16, 2008, Order denying Plaintiff's Motion for Extension of Time to File Motion to Compel Production of Documents. Parties should not file motions for reconsideration as a matter of course, but instead should file such motions only when "absolutely necessary." N.D. Ga. R. 7.1E. Courts have identified three major grounds for seeking reconsideration of a court's previous order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). "[T]here must be a reason why the court



AO 72A
(Rev.8/82)

should reconsider its prior decision, and the moving party must set forth facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision." Id. at 1358 (quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (11th Cir. 1994)). Courts have recognized that "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Id. (quoting Mannings v. Sch. Bd. of Hillsborough County, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

Courts have found that motions for reconsideration are inappropriate in a variety of circumstances. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). For example, a party may not use a motion for reconsideration as an attempt to introduce new evidence, but instead must show that the evidence was not available when the court



AO 72A
(Rev.8/82)

made its initial decision. Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002) (quoting Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)). Further, a party may not use a motion for reconsideration to present new arguments that the party could have presented earlier, to present arguments that the court already has heard and dismissed, or "to repackage familiar arguments to test whether the court will change its mind." Bryan, 246 F. Supp. 2d at 1259. Finally, "[p]arties may not use a motion for reconsideration as an opportunity to show the court how it 'could have done it better.'" Bryan, 246 F. Supp. 2d at 1259 (quoting Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir 1996)).



AO 72A
(Rev.8/82)

Plaintiff's Motion for Reconsideration, by all accounts, simply re-hashes arguments that Plaintiff previously presented to the Court, or attempts to raise new arguments and present new evidence that Plaintiff should have presented to the Court in connection with Plaintiff's initial response. Plaintiff thus is not entitled to reconsideration of the Court's January 16 and January 23, 2008, Orders. For the purposes of clarifying the record, however, the Court addresses certain specific arguments made by Plaintiff.

First, to the extent that Plaintiff argues that he should not be required to file a response to Defendant's Statement of Material Facts that complies with the letter of the Local Rules because he is pro se and Defendant's Motion for Summary Judgment involved "hundreds" of pages of documents, the fact that a party is proceeding pro se in a



AO 72A
(Rev.8/82)

document-intensive case does not excuse that party from complying with the Local Rules. Similarly, to the extent that Plaintiff argues that the Court should deem Plaintiff to have complied with the Local Rules in that regard, the Court simply observes that Plaintiff's various filings clearly do not constitute a response to Defendant's Statement of Material Facts, as contemplated by Local Rule 56.1B.[2]

Further, to the extent that Plaintiff complains that he did not previously receive copies of all the documents upon which Defendant relied in connection with its Motion for Summary Judgment, the record refutes this contention. Additionally, the record indicates that Defendant served a copy of all the documents and exhibits that Defendant filed

---

[2] In any event, the Court observes that its ruling would not have changed even if Plaintiff had filed a response to Defendant's Statement of Material Facts that complied with the Local Rules.



AO 72A
(Rev.8/82)

with the Court on Plaintiff. This argument consequently is without merit.

Finally, to the extent that Plaintiff takes issue with the Court's legal rulings, the Court observes that the Fair Credit Reporting Act clearly does not provide for a private right of action with respect to Plaintiff's claims that Defendant reported false information to the consumer reporting agencies. This remains true whether that allegedly false information consisted of a statement that Plaintiff had two accounts with Defendant, an account with Citizens Bank that Plaintiff contends he did not have, or information concerning late payments allegedly made by Plaintiff. Similarly, Plaintiff has not demonstrated that Defendant violated its duty to investigate disputes brought to its attention by the consumer reporting agencies.



AO 72A
(Rev.8/82)

In sum, the Court finds that Plaintiff is not entitled to reconsideration of the Court's January 16 and January 23, 2008, Orders. The Court therefore denies Plaintiff's Motion for Reconsideration.

ACCORDINGLY, the Court **DENIES** Plaintiff's Motion for Reconsideration [87].

IT IS SO ORDERED, this the 28th day of January, 2008.

UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)